1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11  VENCIL C. GREEN,                          No. 2:19-CV-0109-WBS-DMC-P

12          Plaintiff,

13      v.                                    FINDINGS AND RECOMMENDATIONS

14  NASARIA CHAMBERLAIN, et al.,

15          Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983. Pending before the Court is plaintiff's motion to compel access to legal copies.

19  See ECF No. 30.

20

21                              **I. BACKGROUND**

22          It is unclear what specific relief plaintiff seeks through this pending motion.

23  Plaintiff states that:

24  > Plaintiff motions the honorable court to order Defendant's [sic] and their
25  > agents to provide him access to legal copies that maintain the
    > confidentiality of the legal documents prepared for the court in this action.

26          ECF No. 30, pg. 1.

27  ///

28  ///

                                            1

1     The Court interprets plaintiff's motion as a request that defendants photocopy legal documents and deliver them through a method that allows confidential papers to be opened and examined by defendants and prison personnel.

## II. DISCUSSION

    Because it is both unclear what specific relief plaintiff seeks and what irreparable harm he is likely to suffer in the absence of an injunction, plaintiff is not entitled to relief.

    The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

///
///
///
///

1   As mentioned above, it is unclear what relief plaintiff seeks through this motion.
2  Plaintiff seeks "access to legal copies that maintain [] confidentiality," however, plaintiff does not
3  explain what this means. There is no description of specific misconduct on the part of any of the
4  named defendants, nor their alleged agents. Plaintiff merely expresses a vague fear that his
5  confidential legal documents are being read without providing further explanation. Additionally,
6  plaintiff fails to demonstrate that he is likely to suffer irreparable harm. It is ultimately the
7  moving party's responsibility to demonstrate that he will likely suffer irreparable harm in the
8  absence of an injunction. However, plaintiff's motion is scarce on details and it is unclear what
9  harm, if any, he will suffer absent intervention from this Court. Therefore, plaintiff fails to satisfy
10  his burdens for acquiring injunctive relief and the pending motion should be denied.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion to compel access to legal copies (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE