# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENCIL C. GREEN, | No. 2:19-CV-0109-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NASARIA CHAMBERLAIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court' is Plaintiff's motion to compel Defendants to reply to his requests for admission. ECF No. 47. Typically, in actions involving an incarcerated party, the opposing party has 21 days to respond to a motion. L.R. 230(l). Defendants have not yet filed any opposition. Plaintiff's motion, however, is both defective and premature. Because Defendants will not be prejudiced by immediate resolution of the motion, the Court dispenses with the allotted time and denies the motion.

Plaintiff contends that Defendants have not responded to his second and third requests for admissions and interrogatories regarding Defendants Reynolds and Bennet. ECF No. 47 at 1. Nor, according to Plaintiff, have Defendants responded to his second requests for inspection of tangible things. Id.

///

Plaintiff filed his motion to compel answers to his second and third sets of requests for admissions and interrogatories on January 11, 2021. See ECF No. 47 at 1. The Court previously extended the time for Defendants to respond to the second and third sets of requests until January 9, 2021. ECF No. 43. And, in a subsequent order, again extended the time for Defendants to respond to the third set of requests until March 11, 2021. ECF No. 46. In their motion requesting an extension of time to reply to Plaintiff's third set of requests, Defendants stated that they would respond to Plaintiff's second set of requests on January 11, 2021. ECF No. 45 at 1. Defendants illustrated their belief that the time to respond to the second set of requests was automatically extended to January 11, 2021, under Federal Rule of Procedure 6(a)(1)(C). Id.

## **STANDARD**

The Court provides a general overview of discovery and motions to compel for Plaintiff's edification. The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The Court possesses "broad discretion" to oversee discovery and to manage the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012). Stated otherwise, the

1  Court possesses substantial discretion to permit or deny discovery and a trial court's decision to
2  deny discovery will not be overturned except upon a showing of actual and substantial prejudice to
3  the complaining party. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Denial of discovery,
4  including motions to compel, are subject to review for abuse of discretion. Id.

5  The party moving to compel bears the burden of informing the Court (1) which
6  discovery requests are the subject of the motion to compel, (2) which of the responses are disputed,
7  (3) why the party believes the response is deficient, (4) why any objections are not justified, and
8  (5) why the information sought through discovery is relevant to the prosecution of this action.
9  McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL
10 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008
11 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### DISCUSSION[1]

14 Plaintiff's motion is defective. Federal Rule of Civil Procedure 37 requires motions
15 to compel to include a statement that a party in good faith conferred or attempted confer with the
16 nonmoving to resolve disputed discovery prior to filing a motion. Fed. R. Civ. P. 37(a)(1).
17 Plaintiff's motion contains no such certification. Plaintiff may satisfy this requirement by indicating
18 in a motion that he sent a letter to Defendants requesting the disputed discovery, but that the attempt
19 to resolve the discovery dispute failed.

20 Plaintiff's motion is also premature. Defendants have over a month remaining
21 before a response to Plaintiff's third set of requests is due on March 11, 2021. See ECF No. 46. The
22 Court recognizes, though, that the timeliness of Defendants' responses to Plaintiff's second set of
23 responses is less cut-and-dried. Responses to Plaintiff's second set of requests were due January 9,
24 2021. ECF No. 43. January 9, 2021, however, was a Saturday. Defendants essentially contend that
25 automatic operation of Federal Rule of Procedure 6(a) consequently extended the time for a

---

[1] Plaintiff states that Defendants have not replied to his second set of requests for tangible things but does not say when he served it. Presumably, it was included with his other discovery requests. Defendants indicated they were going to respond to Plaintiff's written requests on January 11, 2021. ECF No. 45 at 1. Plaintiff's motion as to the request for tangible things also premature and defective for the same reasons discussed below.

response to the second set of requests until Monday, January 11, 2021. See ECF No. 45 at 1. Rule 6(a) mandates that, when a time period in a court order is stated in days, if the last day to take an action falls upon a Saturday, Sunday, or legal holiday, the time period automatically runs until the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). It appears, however, that whether Rule 6(a) automatically extends the time to reply when the Court specifies a *fixed* date is unsettled. See, e.g., InProcessOut, LLC v. World Tech Toys, Inc., NO. SA-18-CA-0869-FB, 2019 WL 6048020, at *2 (W.D. Tex. June 14, 2019); Scanlon v. Greenberg Traurig, LLP, 778 F.Supp. 2d 56, 58–59 (D. D.C. Apr. 20, 2011). In a strict, plain reading, Rule 6(a) applies when computing time periods (e.g., 45 days) and not when the Court has specified a filing date.[2] See, e.g., Scanlon, 778 F.Supp 2d at 58–59; Ewald v. Royal Norwegian Embassy, No. 11–CV–2116 (SRN/SER), 2013 WL 2631876, at *3 (D. Minn. June 12, 2013).

Nevertheless, because of the absence of any substantial prejudice to Plaintiff, the Court will exercise its substantial discretion and consider Defendants' responses to Plaintiff's second set of requests timely. See Ewald, 2013 WL 2631876, at *3; Hood Packaging Corp. v. Steinwagner, No. 14–02979 (MJD/FLN), 2015 WL 1197464, at *2 (D. Minn. March 16, 2015); Scanlon, 778 F.Supp 2d at 58–59. A hypertechnical reading of Rule 6(a) is unwarranted here. Defendants complied in good faith with the Court's order granting them until January 9, 2021, to respond to Plaintiff's second set of requests. Defendants responses are timely.

Plaintiff's motion to compel (ECF No. 47) is **DENIED**.

IT IS SO ORDERED.

Dated:  February 1, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The 2009 Amendments to Rule 6(a) make clear that the Rule applies to time periods and not fixed-date deadlines. See Fed. R. Civ. P. 60(a) advisory committee's note to 2009 amendment; 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1162 (4th ed. supp. 2020)